[Cite as *State v. Costilla*, 2015-Ohio-397.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals Nos. L-14-1062

       Appellee
                                                      Trial Court Nos. CR0201302792
v.

Jose Costilla, Jr.                                    **DECISION AND JUDGMENT**

       Appellant                              Decided:  January 30, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This appeal arises from a decision of the Lucas County Court of Common

Pleas, sentencing appellant, Jose Costilla, Jr., to four years in prison following his guilty

plea to failure to comply and an attendant violation of the terms of his community control. We affirm.

## A. Facts and Procedural Background

{¶ 2} On October 10, 2013, appellant was driving through Toledo with his cousin, Christopher Sargent, when the two men pulled up to a woman, Brittany Leu, who was exiting her car at the time. Sargent got out of appellant's vehicle, walked up to Leu, and proceeded to hold a gun to her head while demanding that she give him her purse. After the robbery was complete, Sargent reentered appellant's Escalade and the two men fled the scene.

{¶ 3} Shortly thereafter, a marked police cruiser pulled behind appellant's vehicle. Although the officer activated the cruiser's lights and siren, appellant refused to pull over. Sargent encouraged appellant to continue driving until his vehicle ran out of gas. A chase ensued, during which appellant was observed traveling north on Interstate 75 at a speed exceeding 100 miles per hour. Approximately 20 miles later, appellant lost control of his vehicle while attempting to exit the highway in Monroe County, Michigan. Appellant and Sargent were subsequently apprehended. At the time of the robbery and high-speed chase, appellant was serving a term of community control on his prior convictions for forgery and theft in case No. CR-08-3291.

{¶ 4} As a result of the foregoing, appellant was indicted on October 18, 2013, on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with an attendant firearm specification, and one count of failure to comply in

2.

violation of R.C. 2921.331(B), a felony of the third degree. Appellant initially entered a plea of not guilty. However, after several pretrial hearings, appellant withdrew his plea and entered a plea of guilty to failure to comply. Following an extensive and thorough Crim.R. 32 colloquy, the trial court accepted appellant's guilty plea. Afterwards, the state dismissed the aggravated robbery charge in fulfillment of its obligations under the plea agreement with appellant. Thereafter, the matter was continued for sentencing and a presentence investigation report was ordered.

{¶ 5} At sentencing, appellant acknowledged his violation of the terms of community control. Consequently, the trial court imposed a one-year prison sentence that was previously ordered for appellant's prior convictions in case No. CR-08-3291. In addition, the court ordered appellant to serve a three-year sentence for failure to comply, to be served consecutive to the one-year sentence, for a total prison term of four years. Appellant's timely appeal followed.

## B. Assignment of Error

{¶ 6} On appeal, appellant asserts the following assignment of error:

The trial court's findings under R.C. 2929.14(C)(4) were not supported by the record.

## II. Analysis

{¶ 7} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase,

3.

reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 8} In appellant's sole assignment of error, he argues that the trial court's findings under R.C. 2929.14(C)(4) were not supported by the record. R.C. 2929.14(C)(4) provides, in relevant part:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

4.

**{¶ 9}** The Supreme Court of Ohio recently addressed the trial court's obligations under R.C. 2929.14(C)(4), concluding that

> a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶ 10}** Here, the trial court recited its findings under R.C. 2929.14(C)(4) at the sentencing hearing. Specifically, the court found that consecutive sentences were necessary to protect the public from future crime or punish appellant. Further, the court found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct. Finally, the court noted that appellant committed the offense of failure to comply while on community control sanctions. The court went on to explain its reasoning behind the imposition of consecutive sentences, stating:

> Mr. Costilla, the facts and circumstances surrounding this case are extremely egregious. Not only did your co-defendant and you hold a person up at gunpoint, that gun was placed to her head. There's some indication that unless she gave up her personal possessions that she would be killed, not only was that done, you were involved in a high-speed chase

5.

throughout Lucas County and Monroe County at speeds in excess of a hundred miles an hour. You put extreme risk to other civilians, to law enforcement, to yourself. You could easily be standing here having killed somebody and being charged with something a lot worse that you were charged with now.

Mr. Costilla, I certainly cannot overlook the fact that that kind of conduct is unacceptable and placed many people at harm. And you cannot control yourself or make better decisions than that, then you leave me no choice but to make the decisions for you. And in this particular circumstance, I am going to send you to prison. I am going to send you to prison as long as I possibly can send you to prison.

{¶ 11} In addition to its recitation of findings at the sentencing hearing, the trial court reiterated its findings in the sentencing entry. There, the court stated that appellant's sentences were "necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of [appellant's] conduct or the danger [appellant] poses." The entry also referenced the fact that appellant "was under community control when the offense was committed."

{¶ 12} Despite the trial court's apparent compliance with R.C. 2929.14(C)(4), appellant insists that the court's findings were not supported by the record. In support of his contention, appellant asserts that the record demonstrates that he suffers from a mental disability that "could have easily [allowed him to be] influenced to aid Sargent in

6.

running from the police after Sargent committed the robbery." Further, appellant complains that the trial court appeared to blame appellant for the robbery despite the fact that he only pleaded guilty to failure to comply.

{¶ 13} Having reviewed the record in its entirety, we find appellant's assertions meritless. Regarding appellant's mental condition, the presentence investigation report indicates that appellant has a "learning disability." However, the record does not support an inference that appellant was suggestible by virtue of said disability. Further, appellant's prior and subsequent criminal actions belie his assertion that he was coerced into fleeing the police by Sargent, who is eight years his junior. As to his assertion that the trial court placed undue emphasis on the robbery for which he was not convicted, we find that the court properly considered the robbery in fashioning the sentence. Additionally, we note that the trial court spent the majority of its time emphasizing the severity of appellant's actions while attempting to evade the police.

{¶ 14} In light of the foregoing, we conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4). Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 15} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____

JUDGE

Stephen A. Yarbrough, P.J.    

_____

James D. Jensen, J.             JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.