[Cite as *State v. Green* , 2018-Ohio-2729.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106116**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DANIEL J. GREEN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610119-A

**BEFORE:** Laster Mays, J., S. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Holly Welsh
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Daniel J. Green ("Green") appeals his sentence and asks this court to vacate his sentence, remand to the trial court for resentencing, and issue an order for the trial court to correct the journal entry regarding the length of his sentence. We affirm in part, vacate Green's sentence, and remand for resentencing.

{¶2} Green pleaded guilty to Counts 1 and 34 of attempted pandering of sexually oriented matter involving a minor, a third-degree felony, in violation of R.C. 2907.322(A)(3) and 2923.02; Counts 3, 13, 24, 28, 32, and 36 of attempted illegal use of a minor in a nudity oriented material/performance, a third-degree felony, in violation of R.C. 2907.323(A)(1) and 2923.02; Count 19 of unlawful sexual contact with a minor, a third-degree felony, in violation of R.C. 2907.04(A); Count 26 of compelling prostitution, a third-degree felony, in violation of R.C. 2907.21(A)(2)(a); Counts 30 and 31 of disseminating matter harmful to juveniles, a fifth-degree felony, in violation of R.C. 2907.31(A)(1); Count 39 of failure to provide notice of change of address, a fifth-degree felony, in violation of R.C. 2950.05(F)(1); and Count 41 of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A).

{¶3} Green was sentenced to a total of nine years imprisonment. Specifically, he received 18 months for Counts 1 and 34 to be served concurrently, but consecutively to; Counts 3, 13, 24, 28, 32, and 36, which he was sentenced to 18 months for each count to be served concurrently. The trial court also sentenced him to three years imprisonment for Count 19; 12 months imprisonment for Count 26; 12 months imprisonment for Count 39; and six months imprisonment for Count 41; all to be served consecutively to six months imprisonment for Counts 30 and 31. Although the trial court sentenced Green to an aggregate total of nine years

imprisonment, it stated that the aggregate total was eight years. (Tr. 149.) The journal entry also recorded the sentence as eight years instead of nine years.

**{¶4}** Before sentencing Green to consecutive sentences, the trial court stated,

So, with regard to the length of the prison term, consecutive prison terms, the presumption is concurrent prison terms under 2929.41(A). The court has discretion to impose a consecutive sentence if it's necessary to protect the public and/or punish the offender and it's not disproportionate and makes the following findings under 2929.14(C)(4): I do find that these offenses were committed while you were under the supervision of the Adult Parole Authority on postrelease control, that the harm in this matter is so great or unusual that a single term will not adequately reflect the seriousness of the conduct. I base that on the age of the victims, both the victims that are in this case as well as the prior victim from your prior case, showing a pattern of victimizing minors. That in this case there are multiple victims. There were multiple different types of offenses ranging from sex offenses to — they're all sex offenses, but some of them are e-mails and that led to the unlawful conduct with a minor. The large jurisdictional area that your behavior reached, not just limited to the [s]tate of Ohio or the [c]ounty of Cuyahoga as well as the prior sex offense conviction, I find that your criminal history shows that a consecutive term is needed to protect the public. Those are the findings with regard to consecutive sentence.

(Tr. 147-148.)

**{¶5}** As a result of the sentencing, Green filed an appeal, assigning two errors for our review:

I.      The trial court erred in imposing consecutive sentences when it failed to find that consecutive terms were not disproportionate to the seriousness of the offense and the danger the defendant posed to the community, respectively; and

II.     The combination of concurrent and consecutive terms of imprisonment reflected in the sentencing journal entry total six years and constitutes the sentence in this case; the trial court's mention in the journal entry that the total sentence is eight years is incorrect surplusage that must be stricken.

## I.      Consecutive Sentencing

**{¶6}** In Green's first assignment of error, he argues that the trial court erred in imposing consecutive sentences by not making the correct findings in accordance with R.C. 2929.14(C)(4).

An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not for an abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* The Ohio Supreme Court has further explained:

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*State v. McDonall*, 8th Dist. Cuyahoga No. 105787, 2018-Ohio-2065, ¶ 69, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶7} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} The trial court did not err when it sentenced the appellant to consecutive sentences. The trial court did make the necessary findings in accordance with R.C. 2929.14(C)(4). At sentencing, the trial court stated, "I do find that these offenses were committed while you were under the supervision of the Adult Parole Authority on postrelease control, that the harm in this matter is so great or unusual that a single term will not adequately reflect the seriousness of the conduct." (Tr. 147.) Appellant argues that these words used by the trial court does not address the proportionality requirement. We find that because the trial court did not use the actual word "disproportionate" does not demonstrate that the trial court failed to make the finding.

> When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶9} In *State v. Costilla*, 6th Dist. Lucas No. L-14-1062, 2015-Ohio-397, the appellant argued that the trial court failed to make the necessary finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court stated at sentencing,

Mr. Costilla, the facts and circumstances surrounding this case are extremely egregious. Not only did your codefendant and you hold a person up at gunpoint, that gun was placed to her head. There's some indication that unless she gave up her personal possessions that she would be killed, not only was that done, you were involved in a high-speed chase throughout Lucas County and Monroe County at speeds in excess of a hundred miles an hour. You put extreme risk to other civilians, to law enforcement, to yourself. You could easily be standing here having killed somebody and being charged with something a lot worse that you were charged with now.

Mr. Costilla, I certainly cannot overlook the fact that kind of conduct is unacceptable and placed many people at harm. And you cannot control yourself or make better decisions than that, then you leave me no choice but to make the decisions for you. And in this particular circumstance, I am going to send you to prison. I am going to send you to prison as long as I possibly can send you to prison.

*Id.* at ¶ 10.

{¶10} In *Costilla*, the trial court did not use the word "disproportionate" but the appellate court ruled that "[i]n light of the foregoing, we conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4)." *Id.* at ¶ 14.

{¶11} The court in *State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 20-21 (8th Dist.), stated,

In *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010 (8th Dist.), this court faced a similar argument regarding the trial court's R.C. 2929.14(C)(4) proportionality finding. In imposing consecutive sentences, the trial court stated that consecutive sentences "are not disproportionate." *Id*. at ¶ 27. On appeal, the defendant-appellant argued that the trial court's proportionality finding was insufficient because the court did not specify whether its finding was related to the seriousness of his conduct, the danger he posed to the public, or both. *Id*. at ¶ 29. This court rejected appellant's proportionality argument and held that "[t]he

trial court's statements on the record indicate that it considered proportionality both with regard to the seriousness of [the defendant's] conduct and the danger he poses to the public." *Id*. at ¶ 34. This court relied on *State v. Crawley*, 8th Dist. Cuyahoga No. 102781, 2015-Ohio-5150, where this court rejected the defendant-appellant's argument regarding the specificity of the trial court's proportionality finding and concluded that "the trial court's failure to identify the factors — or 'the reasons' — that were considered in its proportionality analysis does not render the consecutive sentences contrary to law." *Crawley* at ¶ 12-13.

The *Morris* court also relied on State *v. Amey*, 8th Dist. Cuyahoga Nos. 103000 and 103001, 2016-Ohio-1121. There, this court held that "the trial court's statements on the record clearly indicate that it considered proportionality with regard to the seriousness of Amey's conduct and the danger presented." *Id*. at ¶ 16. This court explained, [t]he [trial] court remarked that Amey was on probation for a domestic violence conviction in Cuyahoga C.P. No. CR-13-578704. The court noted that he had been referred to domestic violence classes but did not attend them. The court also outlined Amey's extensive record that included crimes of violence and offenses committed while Amey was on community control sanctions. The court remarked that he had not "responded favorably to sanctions previously imposed." Viewing the court's remarks in their entirety, we are satisfied that the trial court made a distinct "proportionality" finding in compliance with the statute. *Id*.

{¶12} In *Blevins*, the court decided that

[a]fter review, the record reflects that the trial court did not specifically state that consecutive sentences would not be disproportionate to the danger appellant poses to the public. However, we find that the trial court's statements on the record — when viewed in their entirety — clearly indicate that the trial court considered proportionality with regard to both the seriousness of appellant's conduct and the danger appellant posed to the public.

*Id*. at ¶ 23.

{¶13} Green's argument fails in his assertion that the trial court failed to find that he was a danger to the community. At sentencing, the trial court stated,

[t]he large jurisdictional area that your behavior reached, not just limited to the State of Ohio or the County of Cuyahoga as well as the prior sex offense conviction, I find that your criminal history shows that a consecutive term is needed to protect the public. Those are the findings with regard to consecutive sentence.

(Tr. 148.)   The trial court also incorporated its findings in the journal entry.

{¶14} Therefore, we find that the trial court did not err in imposing consecutive sentences.   When viewed in its entirety, the journal clearly indicated that the trial court considered the proportionality requirement.   Green's first assignment of error is overruled.

## II.   Incorrect Sentencing

{¶15} In Green's second assignment of error, he argues that the combination of concurrent and consecutive terms of imprisonment reflected in the sentencing journal entry total six years and constitutes the sentence in this case; the trial court's mention in the journal entry that the total sentence is eight years is incorrect surplusage that must be stricken.   Green is incorrect in his assertion.   The journal entry does not reflect that Green was sentenced to six years imprisonment, but nine years.   Green argues that the journal entry makes no mention of whether the sentence for Counts 19, 26, and 39 are to be run concurrently or consecutively. This is incorrect.   The journal entry specifically states, "[t]he court imposes prison terms consecutively * * *."

{¶16} The actual issue is that at sentencing, the trial court states that it is imposing an eight-year sentence when it actually imposed a nine-year sentence.   It is also recorded incorrectly in the journal entry.   The trial court made a mathematical mistake both at the sentencing hearing and in the journal entry.   The state argues that this can be corrected with a nunc pro tunc order, however,

where a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc

entry may be properly used to correct the sentencing entry to reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing. *See, e.g.*, *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 8-10 (where trial court sentenced defendant to an 11 year aggregate prison sentence at sentencing hearing but erroneously indicated in its sentencing journal entry that defendant's sentences amounted to a net ten year sentence, trial court could use a nunc pro nunc entry to correct sentencing entry to reflect that defendant had received a net 11 year prison sentence and not a ten year sentence); *State v. Fugate*, 12th Dist. Butler No. CA2000-02-031, 2000 Ohio App. LEXIS 5235, *3-6 (Nov. 13, 2000) (where trial court sentenced defendant to three-year prison term at sentencing hearing but filed a judgment entry that inconsistently stated that defendant's term of imprisonment was two years, trial court properly issued nunc pro tunc entry correcting the error so that the sentencing entry would accurately reflect the penalty imposed at the sentencing hearing); *State v. Battle*, 9th Dist. Summit No. 23404, 2007-Ohio-2475, ¶ 2, 8 (where trial court's journal entry sentenced defendant to 18 months of community control rather than two years of community control as pronounced during the sentencing hearing, the sentencing journal entry "contained a clerical mistake that could be corrected with a nunc pro tunc entry").

*State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 16.

{¶17} A nunc pro tunc entry is supposed to correct an error in the journal entry when that error is not reflective of what actually happened at the sentencing hearing. However, in this case, the journal entry reflects exactly what happened at the sentencing hearing. The trial court sentenced Green to nine years imprisonment, but stated that it was only eight years.

> [P]roper use of a nunc pro tunc order "is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action," *Spears* at ¶ 10, "not what the court might or should have decided or what the court intended to decide." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18.

*Id.* at ¶ 15. This court cannot determine what the trial court intended to do: sentence Green to eight or nine years imprisonment. Therefore, we vacate Green's sentence and remand to the trial court for resentencing.

{¶18} Judgment is affirmed in part, vacated in part, and remanded for resentencing.

It is ordered that the appellee and appellant split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR