[Cite as *State v. Pate*, 2021-Ohio-1089.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 109758 |
| DEMARKES T. PATE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 1, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638012-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Thomas Rein, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Demarkes T. Pate, pleaded guilty to receiving stolen property (a motor vehicle) in violation of R.C. 2913.51, a fourth-degree felony. The trial court sentenced him to 18 months in prison, the maximum sentence for a fourth-degree felony. Pate now appeals his sentence, contending that "the record

clearly and convincingly fails to support the imposition of a maximum sentence" for his offense.

{¶ 2} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes, or the sentence is otherwise contrary to law.

{¶ 3} When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Conversely, if the sentence is within the statutory range for the offense and the trial court considers both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term — even a maximum term — for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-

2402, ¶ 35; *see also State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, citing *Pawlak* at ¶ 58.

**{¶ 4}** Under R.C. 2929.11(A), a felony sentence shall be "reasonably calculated" to achieve three "overriding purposes":  to (1) protect the public from future crime by the offender and others; (2) punish the offender; and (3) promote the effective rehabilitation of the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  In addition, a sentence for a felony conviction must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

**{¶ 5}** R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence.  *State v. Bridges*, 8th Dist. Cuyahoga No. 107281, 2019-Ohio-1769, ¶ 10; R.C. 2929.12(A).  It sets forth a nonexhaustive list of factors a trial court must consider in determining the seriousness of the offender's conduct and the likelihood of recidivism.  Those factors include the offender's history of criminal convictions, whether the offender has responded favorably to sanctions previously imposed for criminal convictions, whether the offender has demonstrated remorse, and any other factors relevant to achieving the purposes and principles of sentencing.  R.C. 2929.12(A); (D)(2); (D)(3); and (D)(5).

{¶ 6} Nevertheless, R.C. 2929.11 and 2929.12 are not fact-finding statutes and thus, although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *Bridges* at ¶ 11, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11, and *State v. Rouse*, 8th Dist. Cuyahoga No. 107379, 2019-Ohio-708, ¶ 13. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 8th Dist. Cuyahoga No. 106175, 2018-Ohio-965, ¶ 16.

{¶ 7} Pate contends that the 18-month maximum sentence for his offense is "unwarranted" because, although he had a criminal record, he had graduated from high school, had a job at a movie theater, and was working on obtaining his commercial driver's license. He further contends that his 18-month sentence does not serve the requirement of R.C. 2929.11 that the trial court use the minimum sanctions it can to protect the public, punish the offender, and rehabilitate the offender without imposing an unnecessary burden on state on local resources. Finally, he asserts that a review of the R.C. 2929.12 factors does not support the sentence, and that the record indicates the trial court did not even consider the R.C. 2929.12 seriousness and recidivism factors. Pate's arguments are wholly without merit.

{¶ 8} The record reflects that prior to sentencing Pate, the trial court reviewed Pate's extensive criminal history and periods of incarceration as set forth in the presentence investigation report ("PSI"). The court noted that Pate's criminal

history includes multiple convictions for menacing, attempted assault, disorderly conduct, theft, underage alcohol possession, criminal trespass, resisting arrest, receiving stolen property, and public intoxication that occurred over several years and in various jurisdictions across the state of Ohio.

{¶ 9} The trial court also noted that there were active warrants for Pate's arrest pending in multiple jurisdictions at the time of sentencing. As set forth in the PSI, Pate had active warrants for assault, criminal damaging, disorderly conduct, underage consumption, and aggravated menacing in the New Philadelphia Municipal Court; for aggravated trespass and aggravated menacing in the Willoughby Municipal Court; criminal damaging, menacing, trespass, and grand theft in the Mentor Municipal Court; criminal trespass in the Cleveland Municipal Court; and receiving stolen property in the Painesville Municipal Court.

{¶ 10} The trial court also reviewed Pate's "very negative" institutional summary, which it found reflected numerous infractions, fighting, and extremely disrespectful and vulgar language to the staff.

{¶ 11} When the trial judge gave Pate an opportunity to speak, Pate told her the summary was "all lies," and that staff "taunt the inmates." Further, he told the judge that this case was merely the result of a "big misunderstanding," and that his ex-girlfriend reported the car stolen merely because she was jealous that he had two women in the car with him. Finally, he said that he had a concussion during the plea hearing and was not in the "right state of mind" to plead guilty because he had been "jumped" by other inmates the day before the hearing.

{¶ 12} The judge found Pate not credible. She said he had "a pattern of not doing what he [was] supposed to do," as well as "a long history of non-compliance," and that he had taken responsibility for "absolutely nothing." The judge then stated that after considering the factors sets forth in R.C. 2929.11 and 2929.12, she was sentencing him to 18 months' incarceration.

{¶ 13} The record clearly supports the maximum 18-month sentence. Pate's lengthy criminal history and outstanding arrest warrants were alone sufficient to justify the maximum sentence. In addition, Pate accepted no responsibility whatsoever for any of his actions.

{¶ 14} It is apparent, despite Pate's argument otherwise, that the maximum sentence was necessary to protect the public from future crime, punish him, and promote his rehabilitation. It is also apparent from the record, despite Pate's argument otherwise, that the trial judge considered the factors set forth in R.C. 2929.12 when she determined Pate's sentence, and that these factors supported the maximum sentence. *See* R.C. 2929.12(D)(2); (D)(3), and (D)(5) regarding a defendant's criminal history, lack of remorse, and failure to respond to sanctions previously imposed for criminal convictions. And although Pate asserts that the judge gave no explanation for imposing the maximum sentence, he points us to nothing that imposes such a requirement.

{¶ 15} Finally, the record refutes Pate's assertion that the judge sentenced him to the maximum sentence solely because she "did not care for his attitude." Although Pate's attitude was clearly a factor in his sentence, it was not the only

factor. Pate's attitude, coupled with his lengthy criminal record and his refusal to take any responsibility for his actions, justified the imposition of a lengthy prison sentence.

{¶ 16} Pate having failed to clearly and convincingly demonstrate that the record does not support his 18-month sentence or that the sentence is contrary to law, the assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR