[Cite as *State v. Matos*, 2026-Ohio-932.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                     No. 115244

    v.                            :

EDDIE MATOS,                            :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-692090-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran and Michael T. Fisher, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Eddie Matos appeals his six-year sentence following a guilty plea to two counts of gross sexual imposition. Finding no merit to the appeal, we affirm.

{¶ 2} In May 2024, the State named Matos in a four-count indictment — Count 1, rape, in violation of R.C. 2907.02(A)(1)(b), including specifications that the victim was under the age of ten years old and that Matos was a repeat violent offender; Count 2, gross sexual imposition, in violation of R.C. 2907.05(A)(4); and Counts 3 and 4, gross sexual imposition, in violation of R.C. 2907.05(A)(1). The charges stemmed from unlawful sexual conduct and contact with two children, whom he had access to through a romantic relationship with the victims' mother.

{¶ 3} In April 2025, Matos pleaded guilty to Counts 2 and 3 as charged in the indictment. In exchange for the guilty pleas, the State nolled Count 1 and 4. The court ordered a presentence investigation and continued the matter for sentencing.

{¶ 4} In May 2025, the court conducted a sentencing hearing at which the court stated it reviewed and considered the presentence-investigation report and the sentencing memoranda prepared by both Matos and the State. Following statements from the State, an impact letter from the victims' mother, mitigation statements by defense counsel, and allocution by Matos, the trial court ordered Matos to serve 60-months on Count 2, to run consecutively to 12 months on Count 3, for a total sentence of six years.

{¶ 5} Matos now appeals, raising in his sole assignment of error that the trial court erred by imposing excessive sentences that were not supported by the record and were contrary to law. Specifically, Matos challenges the maximum

sentence imposed in Count 2 and the imposition of consecutive sentences as being both unsupported by the record and contrary to law.

{¶ 6} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes or the sentence is "otherwise contrary to law."

{¶ 7} Regarding the maximum 60-month sentence imposed in Count 2, Matos contends that the trial court failed to consider the sentencing factors found in R.C. 2929.11, purposes of felony sentencing, and R.C. 2929.12, seriousness and recidivism factors. Specifically, he contends that the court did not consider (1) whether his actions were the worst form of the offense to justify the maximum sentence, (2) his risk of recidivism coupled with his acceptance of responsibility for the offense, and (3) the high burden on government resources by incarcerating him rather than placing him on community control or probation. He further contends that during sentencing, the trial court did not correlate the findings to the facts of the case or his life, nor did it provide an explanation or basis for imposing the maximum sentence.

{¶ 8} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law provided that "the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of

felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 10, 16 (8th Dist.); *see also State v. Pate*, 2021-Ohio-1089, ¶ 3 (8th Dist.) (A court's imposition of any prison term, even a maximum term, is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12).

{¶ 9} R.C. 2929.11 and 2929.12 are not factfinding statutes and although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors. *Pate* at ¶ 6. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). "Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Pierce*, 2023-Ohio-528, ¶ 41 (8th Dist.), citing *State v. Sutton*, 2015-Ohio-4074, ¶ 72 (8th Dist.).

{¶ 10} Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. A sentence imposed for a felony should be reasonably calculated to achieve the three overriding purposes of felony sentencing, and must be

"commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 11} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Switzer*, 2015-Ohio-2954, ¶ 10 (8th Dist.). In exercising this discretion, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. The court must also consider any factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense." Finally, the court must consider any factors indicating that the offender is less likely to commit future crimes. R.C. 2929.12(E).

{¶ 12} We initially note that even if the quantity of factors weighs in a defendant's favor, it is ultimately the sentencing judge who has the "discretion to determine the weight to assign a particular statutory factor." *State v. Arnett*, 2000-Ohio-302, ¶ 27, citing *State v. Fox*, 69 Ohio St.3d 183, 193 (1994).

{¶ 13} In this case, the trial court stated in the judgment entry that it "considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." The court's written statement is sufficient to find that the court considered R.C. 2929.11 and 2929.12 when sentencing Matos. Moreover, the record reflects that the trial court stated on the record at sentencing

that it considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.

{¶ 14} At sentencing, the court stated it reviewed and considered the presentence-investigation report and the sentencing memoranda prepared by both Matos and the State. It heard statements from the State and considered an impact letter from the victims' mother. Furthermore, Matos and his counsel had an opportunity to address the court prior to sentencing and make arguments regarding mitigation, including Matos accepting responsibility for his actions.

{¶ 15} In imposing its sentence, the court focused on the crimes themselves, how Matos had access to the children, whom were of a "tender age, highly impressionable, and at least at some point in time . . . [Matos was] to some degree in a position of authority over each of them." (Tr. 31.) Justifying the need for the maximum sentence for Count 2, the court acknowledged that Matos accepted responsibility, but emphasized the gravity of the offenses: "[Y]ou have perpetrated sexual offenses on two different children, one of them who was under the age of 10, and frankly, the one who suffered the most abuse at your hands was under the age of 10 is appalling and there's just no way I can overlook that." (Tr. 33-34.)

{¶ 16} Matos's argument that the trial court failed to consider R.C. 2929.11 and 2929.12 is without merit. Accordingly, the trial court's imposition of the 60-month maximum term for gross sexual imposition charged in Count 2 is not contrary to law.

{¶ 17} Matos also contends that the trial court erred in imposing consecutive sentences. He does not challenge the individual findings under R.C. 2929.14(C) or claim that the trial court failed to make the necessary statutory findings; he contends that the record does not support the findings.

{¶ 18} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 2014-Ohio-3177, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

> (1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under post-release control for a prior offense;
>
> (2) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or
>
> (3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} To impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at syllabus.

{¶ 20} Citing *State v. Gwynne*, 2022-Ohio-4607 ("*Gwynne IV*"), Matos contends that this court is to perform a de novo review of the trial court's consecutive sentences. He also contends that in imposing consecutive sentences, the trial court "must consider the number of consecutive sentences it intends to impose and the aggregate sentence that will result from those consecutive sentences," *id.* at ¶ 13, which he argues the trial court did not do. Accordingly, he asks us to reverse the consecutive sentences and order that his sentences be served concurrently or remand the matter for the court for further consideration.

{¶ 21} Matos's reliance on *Gwynne IV* is misplaced, however, because the Ohio Supreme Court reconsidered and vacated that decision in *State v. Gwynne*, 2023-Ohio-3851 ("*Gwynne V*"). In *Gwynne V*, the Ohio Supreme Court held that de novo review of the trial court's imposition of consecutive sentences is contrary to the language of R.C. 2953.08(G)(2), which provides that an appellate court may only increase, reduce, or other modify consecutive sentences if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) findings. *Id.* at ¶ 13, 16. The Court defined "'clear and convincing evidence' as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. The Court instructed the appellate court that "it must have a firm belief or conviction that the

record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences" and that it should employ a deferential standard regarding the trial court's consecutive-sentence findings. *Id.* at ¶ 15.

{¶ 22} In this case, we find that the trial court made the findings required by R.C. 2929.14(C)(4) both at the sentencing hearing and in its judgment entry — a fact not disputed by Matos. The trial court did not have to state its factual findings or reasoning for imposing consecutive sentences. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177, at ¶ 29; *see also State v. Jones*, 2024-Ohio-1083, ¶ 11, citing *Bonnell* at ¶ 37. This is not a case where we do not have a "firm belief or conviction" that the record does not clearly and convincingly support the trial court's findings. In fact, our review reveals that the record supports the court's findings, and Matos has not affirmatively demonstrated otherwise.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MARY J. BOYLE, J., CONCUR