[Cite as *State v. Overman*, 2026-Ohio-1976.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115782 |
| v. | : | |
| TIMOTHY OVERMAN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** May 28, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-701441-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick J. Lipaj, Assistant Prosecuting Attorney, *for appellee.*

Friedman, Nemecek, Long & Grant, L.L.C., Eric C. Nemecek, and Lucas D. Trott, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant Timothy Overman appeals his sentence following a guilty plea. For the reasons that follow, we affirm in part, reverse in part, and remand for a limited resentencing.

## I.    Factual Background and Procedural History

{¶ 2}    On December 5, 2023, Overman and an unidentified person broke into a Westlake veterinary clinic to gain access to an adjoining jewelry store. Overman stole $396,771.50 worth of jewelry merchandise and caused approximately $35,000 in additional property damage.

{¶ 3}    In 2025, the State named Overman in an eight-count indictment, charging him with two fifth-degree-felony counts of breaking and entering, in violation of R.C. 2911.13(A) (Counts 1 and 6); one count of aggravated theft, in violation of R.C. 2913.02(A)(1), a felony of the third degree (Count 2); one count of safecracking, in violation of R.C. 2911.31(A), a fourth-degree felony (Count 3); and four fourth-degree-felony counts of vandalism, in violation of R.C. 2909.05(B)(1) (Counts 4, 5, 7, and 8).

{¶ 4}    On September 2, 2025, Overman entered into a plea agreement, in which he agreed to plead guilty to Counts 1, 5, 6, and amended Count 2, attempted aggravated theft, reducing the offense to a fourth-degree felony. The State agreed to nolle the remaining offenses. Overman agreed to pay restitution to the victim. The court ordered a presentence investigation and continued the case for sentencing.

{¶ 5}    At the sentencing hearing, the court stated that it reviewed the presentence-investigation report. Following statements from the State, mitigation statements by defense counsel, and allocution by Overman, the trial court ordered Overman to serve 12 months on Count 1, 18 months on amended Count 2, 18 months

on Count 5, and 12 months on Count 6, to run consecutively to each other for a total sentence of 60 months.

## II. The Appeal

{¶ 6} Overman appeals his sentence, raising three assignments of error, which will be addressed out of order.

### A. General Standard of Review

{¶ 7} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes or the sentence is "otherwise contrary to law."

### B. Individual Sentences — Contrary to Law

{¶ 8} In his second and third assignments of error, Overman challenges the trial court's imposition of his individual sentences, contending that they are contrary to law.

{¶ 9} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law provided that "the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Seith*, 2016-Ohio-8302, ¶ 12 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 10, 16 (8th Dist.); *see also State v. Pate*,

2021-Ohio-1089, ¶ 3 (8th Dist.) (A court's imposition of any prison term, even a maximum term, is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12.).

{¶ 10} R.C. 2929.11 and 2929.12 are not factfinding statutes and although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors. *Pate* at ¶ 6. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). "Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Pierce*, 2023-Ohio-528, ¶ 41 (8th Dist.), citing *State v. Sutton*, 2015-Ohio-4074, ¶ 72 (8th Dist.).

{¶ 11} Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. A sentence imposed for a felony should be reasonably calculated to achieve the three overriding purposes of felony sentencing, and must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 12} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Switzer*, 2015-Ohio-2954, ¶ 10 (8th Dist.). In exercising this discretion, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. The court must also consider any factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense." Finally, the court must consider any factors indicating that the offender is less likely to commit future crimes. R.C. 2929.12(E).

{¶ 13} In his second assignment of error, he contends that the trial court enhanced his sentence by relying on an impermissible factor — his purported refusal to name an accomplice. He contends that the court punished him for exercising his right against self-incrimination. In support, Overman relies on cases involving a defendant refusing to testify against a co-defendant when the defendant's own case remained pending. *See State v. Hall*, 2008-Ohio-6228 (10th Dist.); *State v. Glass*, 2004-Ohio-4495 (8th Dist.); *United States v. Safirstein*, 827 F.2d 1380 (9th Cir. 1987); *United States v. Rivera*, 201 F.3d 99 (2d Cir. 1999); *United States v. Heubel*, 864 F.2d 1104 (3d Cir. 1989). These cases are factually inapposite because Overman had already pleaded guilty and he was not asked to testify against anyone. *Compare Roberts v. United States*, 445 U.S. 552 (1980) (finding district court properly considered, as one factor in imposing sentence, a defendant's refusal to cooperate

with officials investigating a criminal conspiracy in which the defendant was a confessed participant).

{¶ 14} Under different circumstances, the trial court's statement could be problematic. But in this case, the trial court cited his refusal to identify an accomplice at sentencing as evidence of a lack of remorse. Accordingly, we do not find Overman's sentence contrary to law on this basis.

{¶ 15} In his third assignment of error, Overman contends that the trial court's sentence does not comport with the purposes and principles of felony sentencing and is unsupported by the record. Specifically, he contends that there is no indication that the trial court's sentence constituted the minimum sanctions necessary in order to accomplish the purposes of felony sentencing without imposing any undue burden on the State or local government resources. In support, he claims this court's decision in *State v. Hawley*, 2020-Ohio-1270 (8th Dist.), is instructive.

{¶ 16} In *Hawley*, this court found that the 56-year sentence did not comport with R.C. 2929.11 and 2929.12 because the record did not demonstrate that the sentence was the minimum sanction accomplish the purposes and principles of sentencing without any undue burden on the State. In *Hawley*, the defendant pleaded guilty to seven counts of illegal use of a minor — stemming from the defendant recording a minor in a bathroom — and the trial court ordered him to serve eight years on each count, consecutively. *Hawley* is readily distinguishable.

{¶ 17} Notably and most importantly, *Hawley* was decided before the Supreme Court of Ohio released *State v. Gwynne*, 2023-Ohio-3851, ¶ 15, which clarified that an appellate court must employ a deferential standard with regard to consecutive sentences and that the appellate court may not simply substitute its judgment for the trial court. Moreover, the *Hawley* defendant's sentence was initially reversed because the trial court did not comply with R.C. 2929.14 in imposing consecutive sentences. The *Hawley* Court further focused on the defendant's conduct and lack of criminal history to support a complete resentencing because the record did not support the trial court's consideration of the factors contained in R.C. 2929.11 and 2929.12. Accordingly, Overman's reliance on *Hawley* is misplaced.

{¶ 18} Rather, our review of the record reveals that the trial court properly considered R.C. 2929.11 and 2929.12. The trial court first stated that it reviewed the presentence-investigation report, which revealed that Overman had a lengthy criminal history. It then heard statements from the State, emphasizing the facts of the case, the impact the crimes had on the family-owned business, and the amount of damage caused by Overman. The State also highlighted Overman's criminal history, including a recent case in Pennsylvania with similar facts to this case. Finally, Overman and his counsel addressed the court prior to sentencing and made arguments regarding mitigation, including Overman apologizing for his actions, accepting responsibility, and acknowledging a prison sentence.

{¶ 19} In imposing sentence, the court focused on the gravity of the crime, describing Overman as a "one-man wrecking crew," who caused a tremendous amount of physical damage and economic harm — over $400,000. Moreover, Overman had just resolved a similar case in Pennsylvania, thus demonstrating a need to protect the community. Accordingly, based on the record before this court, we find no merit to Overman's argument that the trial court failed to consider R.C. 2929.11 and 2929.12, and, thus the trial court's imposition of the maximum term on each count is not contrary to law.

{¶ 20} Overman's second and third assignments of error are overruled.

## C. Consecutive Sentences

{¶ 21} In his first assignment of error, Overman contends that his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Article 1, Sections 9 and 16 of the Ohio Constitution were violated by the trial court imposing a consecutive sentence that was contrary to law. Specifically, Overman contends that the trial court failed to make a finding that consecutive sentences (1) were not disproportionate to the seriousness of his conduct and to the danger that he poses to the public, and (2) were justified under R.C. 2929.14(C)(4)(a) at the sentencing hearing.

{¶ 22} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 2014-Ohio-3177, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from

future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18 . . . or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 2015-Ohio-4501, ¶ 21 (8th Dist.), citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 24} On appeal, Overman first contends that the trial court failed to make the requisite findings prior to imposing consecutive sentences. Specifically, he contends that the trial court failed to make the second finding, that consecutive sentences would not be disproportionate to the seriousness of his conduct and to the danger the offender poses to the public. We agree.

{¶ 25} The trial court's sentencing findings consist of the following statements:

> You are a one[-]man wrecking crew. The amount of damage and economic harm you caused here is tremendous. It's over $400,000 when you include the physical damage.
>
> . . .
>
> I do find that this course of conduct and the harm caused is so great or unusual that no single term for these offenses as committed as part of this course of conduct would adequately reflect the seriousness of your conduct. More importantly, your criminal history is remarkable. I do not mean that in a good way.
>
> It demonstrates consecutive sentences are necessary to protect the public from future crimes by you.

(Tr. 49-51.)

{¶ 26} We find that the trial court made the first required finding — "consecutive sentences are necessary to protect the public from future crimes from you," (tr. 51), and the third finding "this course of conduct and the harm caused is so great or unusual that no single term for these offenses as committed as part of this course of conduct would adequately reflect the seriousness of your conduct. More importantly, your criminal history is remarkable." (Tr. 50-51.) However, the trial court failed to make any statements where we can discern from the record that

the court was satisfying its requirement to make the second finding — commonly referred to as the "proportionality" finding.

{¶ 27} As the State points out, the trial court does not have to say the word "disproportionate" to satisfy this finding. *See State v. Green*, 2018-Ohio-2729, ¶ 4 (8th Dist.) (finding that although the trial court omitted the specific language, the trial court's statements clearly demonstrated an understanding of the proportionality requirement). But the record must still reflect that the court considered the two factors that encompass the disproportionate finding. *State v. Tolbert*, 2022-Ohio-197 (8th Dist.).

{¶ 28} The *Tolbert* Court analyzed other cases from this district and concluded that the although the trial court does not have to use the word "disproportionate" or give a rote recitation, "[t]he essential question is whether the record of the sentencing hearing makes it clear that the court considered 1) the seriousness of the offender's conduct and 2) the danger the offender poses to the public[,] and [then] compared those factors to the sentence imposed on the defendant and determined that comparison supported the imposition of the consecutive sentence." *Id*. at ¶ 48.

{¶ 29} Based on the record, we find that the trial court did not consider nor compare the seriousness of Overman's conduct and the danger posed to the public prior to imposing consecutive sentences. Accordingly, the trial court did not make all of the appropriate findings required under R.C. 2929.14(C)(4). The trial court's imposition of consecutive sentences is reversed, but the case is remanded for the

trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate only those relevant findings in the sentencing journal entry in accordance with *Bonnell*, 2014-Ohio-3177. *See State v. Holiday*, 2017-Ohio-4306, ¶ 12 (8th Dist.) ("The sentencing entry should only include statutory findings that were orally made at sentencing.").

{¶ 30} Finding merit to Overman's first issue regarding consecutive sentences, his remaining challenge regarding whether the record supports the trial court's imposition of consecutive sentences is moot. *See* App.R. 12(A)(1)(c). The first assignment of error is sustained.

## III. Conclusion

{¶ 31} Overman's guilty pleas and individual sentences imposed on each count remain intact and are undisturbed. The case is remanded to the trial court for a limited resentencing for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate only those relevant findings in the sentencing journal entry in accordance with *Bonnell*.

{¶ 32} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for a limited resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MICHAEL JOHN RYAN, P.J., and
EILEEN A. GALLAGHER, J., CONCUR