[Cite as *State v. Spencer*, 2023-Ohio-3359.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 112058

    v.                                      :

LAVELLE SPENCER,                        :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-651837-A and CR-21-663458-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John F. Hirschauer and Tasha L. Forchione, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Rick L. Ferrara, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Lavelle Spencer ("Spencer"), appeals from his sentence and classification as a Tier III sex offender. He raises the following assignments of error for review:

1. Appellant has been subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States and Ohio Constitutions by virtue of his Tier III sex offender registration.

2. The trial court erred when it failed to discuss or apply all factors for sentencing youth offenders as adults.

3. The trial court erred when it found S.B. 201 to be constitutional and imposed an indefinite sentence pursuant to S.B. 201.

{¶ 2} After careful review of the record and relevant case law, we affirm.

## I. Procedural and Factual History

{¶ 3} Following bindover proceedings in the juvenile court, Spencer was named in a 34-count indictment in Cuyahoga C.P. No. CR-20-651837-A, charging him with eight counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications (Counts 1, 6, 10, 14, 16, 18, 21, 30); eight counts of robbery in violation of R.C. 2911.02(A)(2), with one- and three-year firearm specifications (Counts 2, 7, 11, 15, 17, 19, 22, 31); six counts of having weapons while under disability in violation of R.C. 2923.13(A)(2) (Counts 5, 9, 13, 20, 25, 34); four counts of grand theft in violation of R.C. 2913.02(A)(1), with one- and three-year firearm specifications (Counts 8, 12, 23, 32); and single counts of attempted grand theft in violation of R.C. 2923.02 and 2913.02(A)(1), with one- and three-year firearm specifications (Count 3); assault in violation of R.C. 2903.13(A) (Count 4); theft in violation of R.C. 2913.02(A)(1) (Count 24); rape in violation of R.C. 2907.02(A)(2), with one- and three-year firearm specifications (Count 26); gross sexual imposition in violation of R.C. 2907.05(A)(1), with one- and three-year firearm specifications (Count 27); kidnapping in violation of R.C. 2905.01(A)(2),

with a sexual motivation specification and one- and three-year firearm specifications (Count 28); kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification and one- and three-year firearm specifications (Count 29); and failure to comply in violation of R.C. 2921.331(B), with one- and three-year firearm specifications (Count 33).

{¶ 4} The indictment stemmed from allegations that Spencer engaged in a crime spree in Cleveland, Ohio between the dates of November 11, 2019, to December 6, 2019. During this time period, it was alleged that Spencer participated in multiple armed carjackings, robberies, and the sexual assault of a female victim.

{¶ 5} During the pendency of Case No. CR-20-651837-A, Spencer was named in a one-count indictment in Cuyahoga C.P. No CR-21-663458-A, charging him with escape in violation of R.C. 2921.34(A)(1). The charge stemmed from allegations that Spencer fled a rehabilitation facility on May 15, 2021, after he was deemed competent to stand trial in Case No. CR-20-651837-A.

{¶ 6} On August 17, 2022, Spencer expressed his desire to withdraw his previously entered pleas of not guilty and accept the terms of a negotiated plea agreement with the state. In Case No. CR-20-651837-A, Spencer pleaded guilty to six counts of aggravated robbery, with one-year firearm specifications, as amended in Counts 1, 6, 10, 14, 21, and 30 of the indictment; a single count of rape, with a three-year firearm specification, as amended in Count 26 of the indictment; and a single count of having weapons while under disability, as charged in Count 34 of the indictment. Spencer also pleaded guilty to the sole count of escape charged in Case

No. CR-21-663458-A.  In exchange for his guilty pleas, the remaining counts were nolled.

{¶ 7} At the time of sentencing, the trial court imposed an aggregate prison term of 12 to 15 years in Case No. CR-20-651837-A, to run consecutive to a two-year term of imprisonment in Case No. CR-21-663458-A.  Spencer was further classified as a Tier III sex offender pursuant to the Adam Walsh Act ("AWA").

{¶ 8} Spencer now appeals from his sentence and classification under the AWA.

## II.  Law and Analysis

### A.  Sexual-Offender Classification

{¶ 9} In the first assignment of error, Spencer argues that "Ohio's sex-offender classification system, as applied to those committing crimes as juveniles, is unconstitutional as cruel and unusual punishment."  Spencer contends that because he was 16 years old at the time the rape offense was committed, his lifetime registration requirements as a Tier III sexual offender are "punitive and unconstitutionally excessive."

{¶ 10} "A party may challenge a statute as unconstitutional on its face or as applied to a particular set of facts."  *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph four of the syllabus.  A facial challenge asserts that there is no conceivable set of circumstances in which the statute would be valid.  *Id.*  An as-applied challenge, on other hand, alleges that

application of the statute in a particular factual context is unconstitutional. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, citing *Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting).

{¶ 11} This court reviews constitutional challenges de novo. *State v. Brown*, 8th Dist. Cuyahoga No. 109979, 2021-Ohio-4130, ¶ 22. In so doing, "we must acknowledge that legislative enactments are entitled to a strong presumption of constitutionality." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 20. Thus, "if at all possible, statutes must be construed in conformity with the Ohio and the United States Constitutions." *State v. Collier*, 62 Ohio St.3d 267, 269, 581 N.E.2d 552 (1991).

{¶ 12} The current version of R.C. Chapter 2950 is a "comprehensive Tiered registration system that classifies offenders based on the offense committed[.]" *State v. J.M.*, 9th Dist. Summit No. 29874, 2021-Ohio-2668, ¶ 7, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 18-28. R.C. Chapter 2950 presumes that adults who commit certain sexually-oriented offenses automatically pose a future threat to public safety. Thus, sex offenders are classified as Tier I, II, or III offenders based solely on the offense committed. R.C. 2950.01(E)-(G). In turn, the duration of the offender's obligation to register his personal information, as well as the frequency with which he must report to authorities, depends on his level of classification. R.C. 2905.04 through 2950.07.

{¶ 13} A Tier III sex-offender classification is mandatory under R.C. 2950.01(G) for those convicted of certain sexually -oriented offenses. Relevant to this appeal, a person who pleads guilty to rape in violation of R.C. 2907.02 is automatically classified as a Tier III sex offender. *See* R.C. 2950.01(G)(1)(a). A Tier III sex offender is subject to several lifetime requirements and duties as default sanctions. The sex offender must (1) register in person and verify his or her address every 90 days; (2) abide by the residency requirements; and (3) submit to community notification by the appropriate sheriff, all of which are punitive sanctions. *See State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

{¶ 14} Preliminarily, we note that Spencer did not object to his sentence, nor did he raise a constitutional challenge to his classification as a Tier III sex offender at the sentencing hearing. "'It is well established that "the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court."'" *State v. Jenkins*, 8th Dist. Cuyahoga No. 109323, 2021-Ohio-123, ¶ 21, quoting *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7. An appellate court will generally "'not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at the time such error could have been avoided or corrected by the trial court.'" *State v. Martin*, 2016-Ohio-922, 61 N.E.3d 537, ¶ 12 (8th Dist.), quoting *State v. Awan*,

22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Applying the foregoing, we find Spencer forfeited the constitutional challenges to the application of adult sex-offender registration requirements under R.C. Chapter 2950 to him.

{¶ 15} With that stated, however, we recognize that this court has the discretion to review a forfeited constitutional challenge to a statute for plain error. *State v. Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 14, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. To demonstrate plain error "we require a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Buttery* at ¶ 7. The burden of demonstrating plain error is on the party asserting it. *Quarterman* at ¶ 16, citing *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 17.

{¶ 16} The constitutional challenges set forth by Spencer in this appeal are not unique. As previously recognized by this court, "'once a juvenile offender has been bound over to adult criminal court, the juvenile is no longer a "child" pursuant to R.C. 2152.02(C)(4) and is subject to adult penalties.'" *State v. Golson*, 2017-Ohio-4438, 93 N.E.3d 238, ¶ 18 (8th Dist.), quoting *Martin* at ¶ 19 (8th Dist.), citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829*; State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 72. In this case, Spencer was not classified as a Tier III sex offender in the juvenile court; but in the adult criminal court. Once Spencer was transferred to the adult criminal court, he was no longer a

"child" for purposes of juvenile rehabilitation and was lawfully subject to the adult sex-offender classification. Under analogous circumstances, Ohio courts, including this court, have routinely held "that an automatic sex offender classification of a juvenile bound over to the adult court does not constitute cruel and unusual punishment." *Golson* at ¶ 27, citing *Martin* at ¶ 18-20; *see also State v. Stidam*, 2016-Ohio-7906, 74 N.E.3d 787 (4th Dist.); *State v. Powers*, 9th Dist. Summit No. 30025, 2022-Ohio-2233, ¶ 25 ("This Court cannot conclude that the application of R.C. 2950.01 et seq. is unconstitutional with respect to Mr. Powers.").

{¶ 17} At this time, we are bound by the precedent of this court and find no basis to deviate from our prior conclusions until otherwise directed to do so by the Ohio Supreme Court. Thus, we find Spencer has not demonstrated plain error. Because Spencer was no longer a child, the trial court had no discretion and was required to classify Spencer as a Tier III sex offender as part of his criminal sentence based on his rape conviction under R.C. 2907.02. R.C. 2950.01(G)(1)(a). Therefore, even if Spencer had objected to the constitutionality of applying R.C. Chapter 2950 to him, the outcome would not have been different.

{¶ 18} The first assignment of error is overruled.

### B. Youth Offenders

{¶ 19} In the second assignment of error, Spencer argues the trial court erred by imposing a prison term without fully discussing or applying the relevant factors for sentencing youth offenders as adults.

{¶ 20} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings, or the sentence is otherwise "contrary to law."

{¶ 21} When formulating a sentence for a criminal offense, a trial court is directed to consider specific factors outlined under R.C. 2929.11 and 2929.12. Under R.C. 2929.11(A), "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Similarly, R.C. 2929.12 contains a lengthy list of factors that must be considered "regarding the offender, the offense, or the victim" to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense and to determine whether the offender is more or less likely to commit future crimes.

{¶ 22} Significantly, however, "R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must 'consider' the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *State v. Artis*, 8th Dist. Cuyahoga No. 111298, 2022-Ohio-3819, ¶ 13, citing *State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 6. "Indeed, consideration of the factors is presumed

unless the defendant affirmatively shows otherwise." *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). "Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶ 23} Relevant to the circumstances presented in this case, R.C. 2929.19(B)(1)(b), effective on April 12, 2021, requires the trial court to consider additional mitigating factors when, as here, the offender was under the age of 18 at the time the subject offense was committed. The statute provides, in relevant part:

> (1) At the sentencing hearing, the court, before imposing sentence, shall do all of the following:
>
> * * *
>
> (b) If the offense was committed when the offender was under eighteen years of age, in addition to other factors considered, consider youth and its characteristics as mitigating factors, including:
>
> (i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;
>
> (ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;
>
> (iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

{¶ 24} It has been recognized that "the mandate of R.C. 2929.19, that the trial court consider specific factors, is sufficiently similar to the language of R.C. 2929.11 and R.C. 2929.12." *State v. Spears*, 2023-Ohio-187, 305 N.E.3d 1261, ¶ 40 (5th Dist.). Thus, consistent with the case law governing the trial court's obligations under R.C. 2929.11 and 2929.12, the Fifth District has recognized that "the trial court need not specify findings regarding the factors listed in R.C. 2929.19(B)(1)(b)." *Id.*, *see also State v. Watson*, 5th Dist. Ashland No. 22-COA-027, 2023-Ohio-1469. We are persuaded by the Fifth District's analysis. Thus, our review is limited to whether the record "affirmatively shows the court failed to consider those factors." *Id.*

{¶ 25} In this case, the trial court made the following statements on the record concerning Spencer's youth:

Mr. Spencer, I do take into consideration your age, I do take into consideration your mental health issues and your life circumstances, but the victims were very clear and echoed to this court the second that you had the opportunity to escape that mental institution where we're trying to give you rehabilitation, we were trying to work with you, you plotted and escaped and then you ran and you hid from the police. And you tried to escape even more. Your mother is right. You do know right from wrong. And you knew each time this is wrong. And when you were using credit cards after raping people and stealing from them, there are going to be severe consequences. * * * I cannot believe this conduct, 30 years being in this business I cannot believe that your conduct and your spree and your buddies going around and committing all of these offenses. You've ruined so many things, your

actions not only ruined their lives, ruined your life, they ruined all of ours in society. That's what you've done. * * * It's unconscionable what you did.

Tr. 95-96.

{¶ 26} After careful consideration, we find the trial court adequately complied with its obligation to carefully consider Spencer's "youth and its characteristics as mitigating factors" before imposing a sentence. Here, the record reflects that in formulating Spencer's sentence, the trial court expressly considered the circumstances of Spencer's offenses, as well as Spencer's individual circumstances, including his age and maturity, his mental and intellectual capacity, his home life, and his ability to appreciate the risks and associated consequences of his conduct. The trial court went on to consider the overriding principles and purposes of felony sentencing, and "the relevant sentencing guidelines provided in R.C. 2929.11, 2929.12, 2929.13, as well as 2929.19." (Tr. 96-97.) Under these circumstances, we are unable to conclude that Spencer's sentence is clearly and convincingly contrary to law.

{¶ 27} The second assignment of error is overruled.

## C. The Reagan Tokes Law

{¶ 28} In the third assignment of error, Spencer argues the trial court erred in sentencing him to an indefinite sentence under the Reagan Tokes Law. Spencer contends that the Reagan Tokes Law violates constitutional guarantees of both substantive and procedural due process, the separation-of-powers doctrine, and the right to trial by jury. In *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, the Ohio

Supreme Court upheld the constitutionality of the Reagan Tokes Law. The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*.

{¶ 29} The third assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR