[Cite as *State v. Moncrief*, 2026-Ohio-1770.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | |
|---|---|
| STATE OF OHIO, | : |
| Plaintiff-Appellee, | : |
| v. | : |
| LEBRON MONCRIEF, | : |
| Defendant-Appellant. | : |

No. 115436

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 14, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-700166-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and, Zachary LaFleur, Assistant Prosecuting Attorney, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Lebron Moncrief ("Moncrief") appeals from the journal entry sentencing him to imprisonment for aggravated robbery, a first-degree felony. After a thorough review of the facts and the law, we affirm.

## I. Procedural History

{¶ 2} On December 30, 2024, this case originated in the juvenile division of the Cuyahoga County Court of Common Pleas. The State filed a notice of mandatory transfer, pursuant to R.C. 2152.10, on December 31, 2024. The juvenile court held a probable-cause hearing on March 5, 2025, after which the case was transferred to the Cuyahoga County Common Pleas Court's general division.

{¶ 3} On March 25, 2025, a grand jury returned an 11-count indictment against Moncrief and a codefendant. The following charges related to Moncrief: Count 1, aggravated robbery, a first-degree felony, in violation of R.C. 2911.01(A)(1); Count 2, robbery, a second-degree felony, in violation of R.C. 2911.02(A)(1); Count 3, robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2); Count 4, robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3); Count 9, improperly handling firearms in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B); Count 10, carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12(A)(2); and Count 11, obstructing official business, a fifth-degree felony, in violation of R.C. 2921.31(A). All aggravated-robbery and robbery charges included one- and three-year firearm specifications.

{¶ 4} On June 23, 2025, Moncrief pled guilty to aggravated robbery as charged in Count 1 and agreed to forfeit the firearm used in the offense. All other counts and specifications were nolled.

{¶ 5} The court held a sentencing hearing on July 22, 2025. During the hearing, the court advised Moncrief, "[I]f you're sentenced to prison, I will sentence

you to the base term of the sentence being the sentence that I think is the appropriate one for the offense. After that sentence is imposed, the maximum potential prison term for that offense would be what I impose plus one-half more of the sentence I impose."

{¶ 6} The court then heard from both the State and defense counsel. The State provided, "This defendant held the victim at gunpoint and demanded everything he had on his person. He and his codefendant took $300 in cash from the victim as well as his 2018 Dodge Charger." In response, defense counsel explained:

> [Moncrief] is an 18-year-old. He was 17 at the time. Developmentally he was in the middle adolescent range. He's had significant life challenges. He's witnessed significant trauma. At this time, he didn't really have a stable home environment. There was no one making sure where is he sleeping tonight; is he getting food; does he have clean clothes.

{¶ 7} After hearing from both defense counsel and the State, the court initially indicated that it would impose a prison term of six years, stating, "I do not believe that these factors that you mentioned overcome the presumption of prison." The court advised Moncrief that he was pleading guilty to a Reagan Tokes Law offense. The court then asked Moncrief if he was committed to doing well while in prison. When Moncrief confirmed that he was, the court responded: "Then I'll reduce it to 5" years of imprisonment, which "makes you eligible for judicial release at an earlier time if you do well."

**{¶ 8}** The court issued a journal entry on July 22, 2025, sentencing Moncrief to a prison term of five to seven and one-half years. The journal entry noted that the court had "considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11."

**{¶ 9}** Moncrief appeals, raising the following assignment of error:

Appellant's sentence is contrary to law.[1]

## II. Law and Analysis

**{¶ 10}** In support of his sole assignment of error, Moncrief argues that the trial court failed to weigh and consider relevant factors in determining his sentence, including that he was 17 years old at the time of this offense. We disagree.

**{¶ 11}** R.C. 2929.11 and 2929.12 establish criteria that a court must consider in sentencing a felony offender. R.C. 2929.11(A) provides that a trial court "shall be guided by" the following purposes of felony sentencing:

> [T]o protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

**{¶ 12}** R.C. 2929.12 requires that, in determining the "most effective way to comply with the purposes and principles of sentencing," the court "shall consider additional factors" that relate to the seriousness of an offender's conduct and the likelihood of recidivism. R.C. 2929.12(B) and (C), respectively, establish factors that

---

[1] Moncrief initially raised two assignments of error but withdrew his second assignment of error via a notice filed on January 20, 2026.

indicate an offender's conduct is "more serious" or "less serious" than conduct normally constituting the offense. R.C. 2929.12(D) and (E), respectively, establish factors that indicate an offender is "likely" or "not likely" to commit future crimes.

{¶ 13} Appellate review of sentencing is governed by R.C. 2953.08(G)(2), which provides that the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court." This court may "increase, reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b).

{¶ 14} A sentence is contrary to law if it falls outside the applicable statutory range or if the trial court failed to consider the purposes and principles of sentencing established in R.C. 2929.11 and the seriousness and recidivism factors established in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, a sentence within the applicable statutory range, imposed after consideration of the sentencing purposes and seriousness and recidivism factors, is "'presumptively valid.'" *State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.), quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.). "Courts have 'full discretion' to impose a sentence within the statutory range." *Id.*, quoting *id.* Further, a trial court "can be presumed" to have considered the contents of R.C. 2929.11 and 2929.12 absent an affirmative showing that it failed to do so. *Id.* at ¶ 11.

{¶ 15} R.C. 2929.14 and 2929.144 set forth the range of prison terms pertinent to this appeal. Regarding a conviction for a first-degree felony, R.C. 2929.14(A)(2)(b) provides in part that "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years." R.C. 2929.144(B)(1), the Reagan Tokes Law, requires that when an offender is sentenced for a felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed under R.C. 2929.14(A)(1)(a) or (2)(a) "plus fifty percent of that term."

{¶ 16} In cases involving defendants who were under 18 years old at the time of an offense, courts must consider the defendant's youth and other related characteristics as mitigating factors, including:

(i) The chronological age of the offender at the time of the offense and that age's hallmark features, including intellectual capacity, immaturity, impetuosity, and a failure to appreciate risks and consequences;

(ii) The family and home environment of the offender at the time of the offense, the offender's inability to control the offender's surroundings, a history of trauma regarding the offender, and the offender's school and special education history;

(iii) The circumstances of the offense, including the extent of the offender's participation in the conduct and the way familial and peer pressures may have impacted the offender's conduct;

(iv) Whether the offender might have been charged and convicted of a lesser offense if not for the incompetencies associated with youth, such as the offender's inability to deal with police officers and prosecutors during the offender's interrogation or possible plea agreement or the offender's inability to assist the offender's own attorney;

(v) Examples of the offender's rehabilitation, including any subsequent growth or increase in maturity during confinement.

R.C. 2929.19(B)(1)(b).

{¶ 17} This court has recognized that "*consideration* of a youth offender's age is all that is required, not that the offender's age be given any specific weight or that the statutory framework requires a reduced sentence." (Emphasis added.) *State v. Carter-El*, 2025-Ohio-4842, ¶ 50 (8th Dist.). The trial court is not required to make specific findings on the record regarding its consideration of the youth mitigation factors. *State v. Spencer*, 2023-Ohio-3359, ¶ 22 (8th Dist.), citing *State v. Artis*, 2022-Ohio-3819, ¶ 13 (8th Dist.). The consideration of such factors is presumed, "unless the defendant affirmatively shows otherwise." *Id.*, citing *id*; *see also State v. Billips*, 2025-Ohio-108, ¶ 73 (8th Dist.), citing *State v. Phillips*, 2021-Ohio-2772, ¶ 8 (8th Dist.).

{¶ 18} We find that Moncrief's sentence was within the statutory range for a conviction of aggravated robbery, a first-degree felony. The court sentenced Moncrief to a minimum prison term of five years, within the range of between three and 11 years allowable under R.C. 2929.14(A)(1)(a). The court also imposed a maximum prison term of seven and one-half years, equal to Moncrief's minimum five-year sentence term plus 50 percent.

{¶ 19} We do not find that the court failed to consider the required sentencing factors. At sentencing, defense counsel argued that Moncrief's age, past trauma, and home environment constituted mitigating circumstances and justified a lenient sentence. In response, the court stated, "I do not believe that these factors that you mentioned overcome the presumption of prison." The court's

consideration of the sentencing factors is further demonstrated by the assertions in its journal entry that "the court considered all required factors of the law" and that "[p]rison is consistent with the purpose of R.C. 2929.11."

**{¶ 20}** Given the foregoing, Moncrief has not established that his sentence was clearly and convincingly contrary to law. Accordingly, the assignment of error is overruled.

**{¶ 21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIMOTHY W. CLARY, J., CONCUR